NO. 07-04-0282-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

JANUARY 28, 2005
_____

JOE DAVID MENCHACA,

Appellant

v.

THE STATE OF TEXAS,

Appellee
_____

FROM THE 64TH DISTRICT COURT OF SWISHER COUNTY;

NO. A3857-0403; HON. ROBERT W. KINKAID, JR., PRESIDING
_____

Before QUINN, REAVIS and CAMPBELL, JJ.

Appellant, Joe David Menchaca, appeals his conviction for burglary of a habitation, enhanced. After receiving a jury trial, appellant was convicted of the charged offense. Furthermore, the jury found the enhancement paragraph to be true and assessed punishment at 30 years in prison. Thereafter, he timely noticed his appeal, and counsel was appointed to represent him. The latter has moved to withdraw after filing a brief pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), and representing that he searched the record and found no arguable grounds for reversal. Furthermore, he represents that he informed his client of his right to review the record and

file a *pro se* brief or response. We also informed appellant that any response he cared to file had to be filed by December 23, 2004. Appellant moved for an extension of the deadline. We granted the motion and extended the deadline to January 24, 2005. To date, appellant has neither filed a *pro se* response nor moved for another extension.

We now address the validity of the two potentially arguable issues raised by appointed counsel. The first involved the sufficiency of evidence to convict appellant of burglary of a habitation. The evidence shows that appellant along with two others kicked in the victim's door of her house with the intent to take some "stuff." Appellant gave a statement to the police wherein he admitted that he was at the victim's house; however, he said that the door had already been kicked in when the three arrived. Appellant also stated that he went in first and saw several items in the house.

Appellant's accomplice, Adam Comans, also admitted that all three discussed breaking into the house with the intent to take "stuff" from it. He further stated that all three kicked in the door and took a step inside the house. Appellant's cousin, Jeffrey Harris, testified that appellant told him about the break in and that appellant left the house because he heard a lady's voice calling the police. From the foregoing evidence, we agree with appellate counsel's assessment that the evidence was sufficient to support appellant's conviction.

The second issue concerned counsel's effective assistance. Appellate counsel explained how the record is insufficient to support such a claim. Upon reviewing the instances of deficient assistance outlined in appellant's brief, we agree with him.

We also conducted our own review of the record pursuant to *Stafford v. State*, 813 S.W.2d 503 (Tex. Crim. App. 1991) and found no arguable issue warranting reversal.

2

Accordingly, counsel's motion to withdraw is granted, and the judgment of the trial court is affirmed.

Brian Quinn
Justice

Do not publish.